Kathleen AUSTIN, Plaintiff–Appellant,

v.

CCC INFORMATION SERVICES, INC.
BENEFIT PLAN, an Erisa plan,
Defendant–Appellee.

No. 05–55082.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2007.

Filed March 21, 2007.

Charles J. Fleishman, Esq., Beverly
Hills, CA, for Plaintiff–Appellant.

Julie A. Giacopuzzi, Esq., Lesley C.
Green, Esq., Bannan, Green, Frank & Ter-
zian, LLP, Los Angeles, CA, for Defen-
dant–Appellee.

Before: CANBY and THOMAS, Circuit
Judges, and CONLON,* District Judge.

MEMORANDUM **

Kathleen Austin appeals the district
court's grants of summary judgment and

---

* The Honorable Suzanne B. Conlon, Senior
United States District Judge for the Northern
District of Illinois, sitting by designation.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

attorneys' fees in favor of appellee CCC Information Services, an employee benefits plan ("the Plan"), in Austin's action for disability benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* (ERISA). We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

## I. Effect of the Settlement Agreement

We review de novo the district court's grant of summary judgment in favor of the Plan. *Botosan v. Paul McNally Realty,* 216 F.3d 827, 830 (9th Cir.2000). The issue before us is whether the settlement agreement entered into between Austin and her employer bars Austin's ERISA action against the Plan. The settlement agreement releases Austin's employer, its agents, and "all persons acting under, by, through or in concert with" them from a variety of potential claims by Austin, including claims for ERISA benefits. Because the Plan is an entity created and administered by Austin's former employer, we conclude that the agreement's broad release clause clearly bars Austin's ERISA action.

## II. Attorneys' Fees

We review for abuse of discretion the district court's award of attorneys' fees to the Plan. *Childress v. Darby Lumber, Inc.,* 357 F.3d 1000, 1011 (9th Cir.2004). Austin covenanted not to file any lawsuit asserting a claim waived under the settlement agreement's broad release clause. She further agreed to indemnify the released parties for attorneys' fees if she violated her covenant not to assert waived claims. We therefore conclude that the

district court's award of attorneys' fees, supported by the express language of the parties' agreement, was not an abuse of discretion.

AFFIRMED.